UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

State of South Carolina, ) C/A No. 2:10-401-DCN-RSC
)
        Plaintiff, )
)
vs. )
)
) Report and Recommendation
Wesley Edward Smith, III, )
)
        Defendant. )
)
)

    This is a civil action filed *pro se*. Plaintiff Wesley Edward Smith, III[1] has filed an Application to Proceed *in forma pauperis* in this case. The case is presently before the undersigned magistrate judge for a report and recommendation following pre-service review. *See* 28 U.S.C. § 1915(e)(2)(B); *In Re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997)(pleadings by non-prisoners should also be screened).

    Plaintiff's Complaint seeks money damages from the State of South Carolina, based on allegations which, liberally construed, disclose that a South Carolina state court action resulted in the

---

[1] In the caption and the opening paragraph of the Complaint that he filed in this Court, Wesley Edward Smith III refers to himself as "Defendant" and refers to the State of South Carolina as "Plaintiff." However, careful review of the allegations and relief requested in the pleading indicates that the party designations should be reversed. Accordingly, the filer of the Complaint, Wesley Allen Smith III, is referred to in this Report as "Plaintiff" and the State of South Carolina is referred to as "Defendant."

1

loss of Plaintiff's employment at Charleston County School District's Military Magnet School. Citing to 18 U.S.C. § 242 and 42 U.S.C. § 1981, he broadly claims that the state judicial process was conducted negligently and, as a result, caused compensable injuries to Plaintiff.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings pursuant to the provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of a *pro se* filing).[2]

This Court is required to construe *pro se* complaints and petitions liberally. Such *pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal

---

[2] *Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1980)(insofar as *Neitzke* establishes that a complaint that fails to state a claim, under federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(I), as "frivolous").

2

district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep' t of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

This case is subject to summary dismissal because the allegations contained in Plaintiff's Complaint do not fall within the scope of either form of this Court's limited jurisdiction, and there is no other possible basis for federal jurisdiction evident from the face of the pleading. There is no viable federal question alleged and there is no diversity of citizenship between Plaintiff and Defendant. Generally, a case can be originally filed in a federal district court if there is "federal question" jurisdiction under 28 U.S.C. § 1331 or "diversity of citizenship" under 28 U.S.C. § 1332. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article

3

III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. V. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (*citing Lehigh Mining & Mfg. Co. V. Kelly*, 160 U.S. 337 (1895). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352; *see also* Fed. R. Civ. P. 12(h)(3)("Whenever it appears...that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."). "[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Davis v. Pak*, 856 F.2d 648, 650 (4th Cir. 1988)(*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936)). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[.]" If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley, Inc.*, 191 F.3d at *399 (citing 2 Moore's Federal Practice* § 8.03[3] (3d ed. 1997)). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the

outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id.*

The diversity statute, 28 U.S.C. § 1332(a), requires **complete** diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>
> (1) <u>citizens of different States</u>[.]

28 U.S.C. § 1332 (emphasis added). Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 (1978). This Court has no diversity jurisdiction under 28 U.S.C. § 1332 over this case because, according to the information provided by Plaintiff when he filed his Complaint, Plaintiff is a resident of South Carolina and Defendant is the State of South Carolina. Although it is not clear whether Plaintiff's allegations would be sufficient to support a finding that the $75,000 jurisdictional amount would be in controversy in this case, this does not matter in this case

because, in the absence of diversity of citizenship, the amount in controversy is irrelevant.

Additionally, it is clear that the essential allegations contained in Plaintiff's Complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. That is, the Complaint does not state a claim cognizable under this Court's federal question jurisdiction. First, Plaintiff cites, without explanation or elaboration, to 42 U.S.C. § 1981 et seq. and to 18 U.S.C. § 242. However, Section 242 of Title 18 of the United States Code (18 U.S.C. § 242) is a criminal statute and does not provide a private right of action to persons such as Plaintiff for enforcement of this statute in civil court. *See Rockfeller v. U.S. Ct. of Appeals Office*, 248 F. Supp. 2d 17, 23 (D.D.C. 2003)(collecting cases). Accordingly, Plaintiff's citation to this criminal statute fails to provide a basis upon which this Court could exercise its federal question jurisdiction to consider the claims made in this Complaint.

To the extent that Plaintiff alleges that Defendant negligently violated 42 U.S.C. § 1981 et seq in connection with the state court process that resulted in Plaintiff's job loss, the Complaint fails to show that federal question jurisdiction exists in this case because there are no allegations showing that the matters of which Plaintiff complains were the result of racial

discrimination or racial animus on Defendant's part. *See Murray v. Thistledown Racing Club, Inc.*, 770 F.2d 63, 69 (6th Cir. 1985) (racial animus required for cause of action under § 1981). Although Plaintiff does not cite to 42 U.S.C. § 1985, had he done so, the same absence of allegations showing racial discrimination or animus would preclude this Court from exercising federal question jurisdiction in this case under that statute as well. *See Simmons v. Poe*, 47 F.3d 1370, 1376-77 (4th Cir. 1995) (§ 1985 requires racial animus).

Furthermore, even if Plaintiff's Complaint allegations could be extremely liberally construed to imply an intended, though unexpressed, reliance on 42 U.S.C. § 1983 as a basis for federal question jurisdiction in this case, it is obvious that the statute is inapplicable to this case. First, in order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* individual defendant(s) deprived him of a federal right, and *(2)* did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); see *Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980). Because the United States Constitution regulates only the government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes "state action." *See, e.g., Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982). To qualify as state action, the conduct in question "must be caused by the exercise of

some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and "the party charged with the [conduct] must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. at 937; *see U. S. v. Int'l Brotherhood of Teamsters, Chauffeurs, Warehousemen Helpers of Am., AFL-CIO*, 941 F.2d 1292 (2d Cir.1991). Although Plaintiff's Complaint employs the term "state actors" in paragraphs 6 and 11, there are no allegations which attribute any actions to any individual, and no individuals are named as parties to this case. In *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989), the United States Supreme Court held that neither a state, a state agency, nor a state official in his official capacity is a "person" for purposes of a § 1983 damages action. *Will*, 491 U.S. at 71. Thus, § 1983 cannot provide this Court with federal question jurisdiction to consider Plaintiff's Complaint because the only Defendant named in this case, the State of South Carolina, itself, is not a person.

Second, even if he had adequately alleged actions by a person under color of state law, § 1983 would still not provide federal question jurisdiction in this case because Plaintiff's allegations against Defendant sound of state law negligence claims, not federal causes of action under § 1983. *See, e.g., Bloom v. Ravoira*, 529 S.E.2d 710 (S.C. 2000)(negligence); *Howard v. S. C. Dept. of Highways*, 538 S.E.2d 291 (S.C. Ct. App.2000)(property loss and

8

damage by negligence is recoverable). Federal actions for damages against state actors pursuant to 42 U.S.C. § 1983 do not impose liability for violations of duties of care (such as those involved in negligence actions) arising under state law. *See DeShaney v. Winnebage County Dep't of Social Servs.*, 489 U.S. 189, 200-03 (1989). Moreover, deprivations of personal property, including negligent deprivations of personal property, do not support an action for damages under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328-336 (1986)(negligent deprivations of property do not implicate due process interests); *see also Yates v. Jamison*, 782 F.2d 1182, 1183-84 (4th Cir. 1986)(court should deny § 1983 relief if state law provides a plaintiff with a viable remedy for the loss of personal property). Cases from outside this circuit point out that the availability of a state cause of action for an alleged loss of property provides adequate procedural due process. In other words, where state law provides such a remedy, no federally guaranteed constitutional right is implicated. *See King v. Massarweh*, 782 F.2d 825, 826 (9th Cir. 1986); *Slaughter v. Anderson*, 673 F. Supp. 929, 930 (N.D. Ill. 1987).³

---

³ Although this Court could consider a negligence action with $75,000.00 in controversy between citizens of different states under its diversity jurisdiction, *see Cianbro Corp. v. Jeffcoat & Martin*, 804 F. Supp. 784, 788-91 (D. S.C. 1992), as previously stated, the only parties named in the Complaint in this case are Plaintiff, a resident of South Carolina, and the State of South Carolina, thus no diversity of citizenship is shown in this case.

Moreover, even if Plaintiff's Complaint could be liberally construed to imply allegations of constitutional rights violations by individual, unnamed state actors, such implied interpretation would not establish federal question jurisdiction in this case. Plaintiff's claims of allegedly wrong and injurious results in state court proceedings are subject to summary dismissal under the *Rooker-Feldman* Doctrine. Proceedings and rulings made in the courts of the State of South Carolina cannot be reviewed or set aside by the United States District Court for the District of South Carolina in this case. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476-82 (1983)(a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257.).[4] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). This prohibition on review of state court orders by federal district courts is commonly

---

[4] Appeals of orders issued by lower state courts must go to a higher state court. Secondly, the Congress, for more than two hundred years, has provided that only the Supreme Court of the United States may review a decision of a state's highest court. *See* 28 U.S.C. § 1257(since 1988, such Supreme Court review is discretionary by way of a writ of certiorari and is not an appeal of right); *see Ernst v. Child and Youth Servs.*, 108 F.3d 486, 491(3d Cir. 1997). In civil, criminal, and other cases, the Supreme Court of the United States has reviewed decisions of the Supreme Court of South Carolina that were properly brought before it under 28 U.S.C. § 1257 or that statute's predecessors. *E.g., Lucas v. South Carolina Coastal Council*, 505 U.S. 1003 (1991) (an example of a South Carolina Supreme Court case that was reviewed by the United States Supreme Court).

referred to as the *Rooker-Feldman* doctrine or the *Feldman-Rooker* doctrine. *See, e.g., Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005); *Davani v. Va. Dep't of Transport.*, 434 F.3d 712 (4th Cir. 2006); *Ivy Club v. Edwards*, 943 F.2d 270, 284 (3d Cir. 1991). Because the *Rooker-Feldman* Doctrine is jurisdictional, it may be raised by the Court *sua sponte*. *American Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003). According to the Fourth Circuit, "the *Rooker-Feldman* doctrine applies . . . when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself." *Davani v. Virginia Dep't of Transp.*, 434 F.3d 712, 713 (4th Cir. 2006); *cf. Ruttenberg v. Jones*, 2008 WL 2436157 (4th Cir. June 17, 2008)(reversing a *Rooker/Feldman* dismissal).

Longstanding precedents preclude the United States District Court for the District of South Carolina from reviewing the findings or rulings made by the South Carolina State Courts. Plaintiff's submission of the Complaint in this case, claiming a right to damages for the State of South Carolina's allegedly improper and/or "negligent" pursuit of state court litigation against Plaintiff, appears to be an attempt to have this Court review state court proceedings that took place in the Charleston, South Carolina area in January 2002 or thereafter. *See Anderson v. Colorado*, 793 F.2d 262, 263 (10th Cir. 1986)("[I]t is well settled that federal district courts are without authority to review state

11

court judgments where the relief sought is in the nature of appellate review."); *see also Hagerty v. Succession of Clement*, 749 F.2d 217, 219-20 (5th Cir. 1984)(collecting cases). In this case, Plaintiff is clearly claiming that he has been injured by the result of state court decisions in an employment-related action. He asserts that he is entitled to damages because of that injury. These are precisely the type of claims that the *Rooker-Feldman* Doctrine precludes. *See Willner v. Frey*, 243 Fed. Appx. 744 (4th Cir. 2007), *cert. denied*, 552 U.S. 1166 (2008). To rule in favor of Plaintiff on his claims of negligence in connection with the state court proceedings would, necessarily, require this Court to overrule (or otherwise find invalid) various orders and rulings made in the courts of the State of South Carolina. Such a result is prohibited under the *Rooker-Feldman* Doctrine. *Davani*, 434 F.3d at 719-20; *see Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. at 293-94; *Jordahl v. Democratic Party of Va.*, 122 F.3d at 201.

Finally, even if Plaintiff's allegations were sufficient to state an otherwise viable claim for damages within this Court's federal question jurisdiction, which, as shown above, they are not, this case would still be subject to summary dismissal because the sole Defendant in this case, the State of South Carolina, is immune from any such claims. The Eleventh Amendment to the United States Constitution divests this Court of jurisdiction to entertain a suit

for damages brought against the State of South Carolina or its integral parts by a citizen of South Carolina or a citizen of another state.

The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

See Alden v. Maine, 527 U.S. 706 (1999); College Savs. Bank v. Florida Prepaid Educ. Expense Bd., 527 U.S. 666 (1999); Seminole Tribe of Florida v. Florida, 517 U.S. 44 (1996)(reaffirming Hans v. Louisiana, 134 U.S. 1, 10 (1890) (holding that a citizen could not sue a state in federal court without the state's consent); Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89 (1984)(although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens); Alabama v. Pugh, 438 U.S. 781, 782 (1978); Will v. Michigan Dep't of State Police, 491 U.S. 58, 61-71 (1989); Edelman v. Jordan, 415 U.S. 651, 663 (1974)(stating that "when the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its [Eleventh Amendment] sovereign immunity from suit even though individual officials are nominal defendants")(quoting Ford Motor

*Co. v. Dep't. of Treasury*, 323 U.S. 459, 464 (1945)); *see also Harter v. Vernon*, 101 F.3d 334, 338-39 (4th Cir. 1996); *Bellamy v. Borders*, 727 F. Supp. 247, 248-50 (D.S.C. 1989); *Coffin v. South Carolina Dep't of Social Servs.*, 562 F. Supp. 579, 583-85 (D.S.C. 1983); *Belcher v. South Carolina Bd. of Corrections*, 460 F. Supp. 805, 808-09 (D.S.C. 1978).

Under *Pennhurst*, 465 U.S. at 99 n. 9, a state must expressly consent to suit in a federal district court. The State of South Carolina has not consented to suit in a federal court. Section 15-78-20(e) of the South Carolina Code of Laws (Cum. Supp. 1993), is a statute in the South Carolina Tort Claims Act which expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another state. *See McCall v. Batson*, 285 S.C. 243, 329 S.E.2d 741, 743 (1985)(Opinion abolishing sovereign immunity in tort "does not abolish the immunity which applies to all legislative, judicial and executive bodies and to public officials who are vested with discretionary authority, for actions taken in their official capacities."). *Cf. Pennhurst*, 465 U.S. at 121 ("[N]either pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment.").

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss Plaintiff's Complaint *without prejudice* and without issuance and service of process. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). Plaintiff's attention is directed to the important notice on the next page.

Robert S. Carr
United States Magistrate Judge

March 5, 2010
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).